NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSE KATSIL,<br><br>       Plaintiff,<br><br>v.<br><br>CITIBANK, N.A.,<br><br>       Defendant. | Civ. No. 16-3694<br><br>**OPINION** |

THOMPSON, U.S.D.J.

    This matter has come before the Court on the motion of Defendant Citibank, N.A. ("Defendant") to compel arbitration. (ECF No. 8). Plaintiff filed an affidavit in opposition. (ECF No. 11). The Court has decided this matter after considering the written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set forth below, the Court will deny Defendant's motion.

**BACKGROUND**

    This case concerns Defendant's alleged automated calling of Plaintiff in violation of the Telephone Consumer Protection Act of 1991. (Compl. ¶ 1, ECF No. 1). Plaintiff alleges she has received at least 1400 automated calls from Citibank between January 15, 2016 and June 24, 2016. (Compl. ¶¶ 8, 14, ECF No. 1).[1] Plaintiff has repeatedly asked Defendant to cease and desist, to no avail. (Compl. ¶ 10-14, ECF No. 1).

    Defendant alleges that Plaintiff is the holder of a Citibank-issued Home Depot credit card and Plaintiff signed an arbitration agreement as a part of the card agreement governing her credit

---

[1] Note, Plaintiff alleges at ¶ 18 that the automated calls commenced on or about November 20, 2015.

1

card account. (Mot. Compel Arbitration at 8, ECF No. 8-1). Defendant brought a motion to compel arbitration based on that agreement. (ECF No. 8). That motion is presently before the Court.

Plaintiff swears by affidavit that the credit card out of which this action arose was from Best Buy, not Home Depot, and Plaintiff does not and has not ever had a Best Buy credit card. (Aff. ¶ 3, ECF No. 11).

## LEGAL STANDARD

Where there is a contract between the parties that provides for arbitration, there is "an emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLC v. Cocchi*, 565 U.S. ---, 132 S. Ct. 23, 25 (2011) (*per curiam*) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985) (internal quotation marks omitted). "Any doubt concerning the scope of arbitrability should be resolved in favor of arbitration." *Mitsubishi Motor Corp.*, 473 U.S. at 626 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)); *see also Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). When a party refuses to submit to arbitration pursuant to a valid contract provision, the party seeking to arbitrate may petition a court for an order compelling arbitration. 9 U.S.C. § 4.

In order for this presumption in favor of arbitration to apply, there must be a valid contract between the parties. The Court must find that "(1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

## ANALYSIS

Defendant claims that Plaintiff entered into a credit card agreement with Defendant for a Home Depot credit card. (Mot. at 8, ECF No. 8-1). Defendant states that the card agreement

associated with the Home Depot credit card includes an arbitration provision which governs the "relationship" between the parties. (Mot. at 10-11, ECF No. 8-1). Thus, Defendant argues that this dispute over automated calls to Plaintiff's cell phone pertaining to a Best Buy credit card falls within the scope of the arbitration provision because it is a claim related to the "relationship" between the parties. (Mot. at 11, ECF No. 8-1). Defendant argues that even if Plaintiff's claim pertains to "a Best Buy account while the applicable Card Agreement pertains to a different account for a Home Depot credit card… [that] simply has no relevance" to the agreement to arbitrate. (Reply at 1, ECF No. 12). Defendant does not dispute that this matter relates to a Best Buy credit card. (*See* Reply, ECF No. 12). Furthermore, Defendant does not allege that it has an arbitration agreement with Plaintiff relating to a Best Buy credit card.

Plaintiff, via affidavit, states that she does not have, and has never had, a Best Buy credit card. (Aff. ¶ 3, ECF No. 11). Plaintiff does not address whether she has a Home Depot credit card, associated with Citibank.

Thus, the crucial, threshold issue is whether there is a Home Depot credit card agreement between the parties.

Defendant attempts to establish the existence of this agreement via Andrew Grayot's Declaration and attached Exhibits 1-3. (ECF No. 8-3 – 8-5). Mr. Grayot declares that the card agreement was provided when Plaintiff applied for the card, and that the arbitration agreement was provided to Plaintiff "when she opened the account." (Decl. ¶ 7, ECF No. 8-2). Declarant states that a Home Depot credit card was issued to Plaintiff in May 2013. (*Id.* ¶ 4). Exhibit 1 is a credit card application for a Home Depot credit card, signed by Plaintiff Rose Katsil on May 3, 2013. (Mot. Ex. 1, ECF No. 8-3). Exhibit 2 is an "exemplar complete copy of the form of the… Card Agreement," which contains the arbitration agreement at issue. (Decl. Grayot ¶ 7, ECF No.

8-2 (referencing ECF No. 8-4)).  It is not signed by Plaintiff; it is an "exemplar" copy only.  Exhibit 3 is credit card statements for an account ending in 2041.  (Mot. Ex. 3, ECF No. 8-5).

The exhibits do not establish that Plaintiff was approved for a Home Depot credit card, saw or signed the attached card agreement (Mot. Ex. 2, ECF No. 8-4), or is associated with the attached credit card statements (Mot. Ex. 3, ECF No. 8-5).  There is no evidence of a contract between the parties other than Declarant Grayot's unsworn statement that "a Home Depot credit card account currently ending in 0241 was issued to Plaintiff in May 2013."  (Decl. ¶ 4, ECF No. 8-2).

An arbitration agreement cannot apply where there is no evidence of a contract between the parties.

## **CONCLUSION**

For the reasons above, the Court will deny Defendant's motion to compel arbitration and to stay proceedings pending arbitration.  An appropriate Order will follow.


**Dated:** *12/7/16*                                                    */s/ Anne E. Thompson*
                                                                                        ANNE E. THOMPSON, U.S.D.J.